UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BETHANY DRUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-CV-16-NAB |
| | ) |
| THE KRAFT HEINZ COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Bethany Druce's application to proceed in the district court without prepaying fees or costs and her motion for appointment of counsel. Having reviewed the motion to proceed without prepaying fees or costs and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Additionally, for the reasons discussed below, the Court will deny plaintiff's motion to appoint counsel, without prejudice.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for

relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the bases of race and national origin against defendant The Kraft Heinz Company.

Plaintiff is a female of Asian descent who began working at defendant's Kirksville, Missouri manufacturing plant on June 11, 2018. In her complaint, plaintiff alleges several incidents of racial harassment and allegations of retaliation. Ultimately, she was terminated from her job on September 23, 2019, which she claims was motivated by racial discrimination and retaliation.

Plaintiff filed her charge of discrimination with the EEOC on November 4, 2019, which is timely, and received a right to sue letter dated January 29, 2020.  She filed this action on March 20, 2020, which is within her 90-day period for filing suit.

### Discussion

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009).  The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like."  *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).  Based on the Court's initial review, plaintiff's allegations are non-frivolous, and the Court will order process to issue on her complaint.  *See* 28 U.S.C. § 1915(e)(2).

The Court will deny without prejudice plaintiff's motion for appointment of counsel.  There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  To determine whether to appoint counsel, the Court considers several factors, including whether:  (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex.  *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous claims, however, she has demonstrated at this point that she can adequately present her claims to the Court.  Additionally, neither the factual nor the legal issues in this case are complex.  After reviewing the record, the Court concludes that

appointment of counsel is not warranted at this time. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve defendant The Kraft Heinz Company with summons upon the complaint.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of April, 2020.

4